```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAREMEX S.A. DE C.V.

        Plaintiff/Counterclaim Defendant,

   -against-

JAYDEN STAR LLC

        Defendant/Counterclaim Plaintiff

Docket No.: 23-cv-11051 (SN)

## CONSENT JUDGMENT

Plaintiff Caremex S.A. de C.V. ("Plaintiff") and Defendant Jayden Star LLC ("Defendant") (each a "Party" and collectively, the "Parties") have agreed to resolve the instant proceeding on the terms set forth herein:

WHEREAS, on or about December 20, 2023, Plaintiff commenced the above-captioned action against Defendant;

WHEREAS, by the Complaint in the above-captioned action, Plaintiff asserted claims against Defendant for an account stated and breach of contract;

WHEREAS, on or about March 19, 2024, Defendant answered the Complaint and asserted certain counterclaims against Plaintiff, which are referred to herein, together with the claims asserted in the Complaint, as the "Action";

WHEREAS, the Parties, without any admission of fault or liability by any party, have agreed to resolve the Action, with prejudice on the terms set forth below.

NOW THEREFORE, with the consent of the Parties it is Ordered, Adjudged, and Decreed:

1. **Incorporation of Recitals.** Each of the foregoing recitals of this Consent Judgment is acknowledged, adopted, affirmed, and incorporated hereby with the same force and effect as if set forth at length below.

2. **Entry of Judgment.** This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby dismissed without costs or attorneys' fees, except that this District Court shall retain jurisdiction over this action, including without limitation, over implementation of, or dispute arising out of, this Consent Judgment or the settlement of the Action.



3. **Parties Bound.** This Consent Judgment shall apply to and be binding upon the Parties and each of their respective successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets of real or personal property, shall in no way alter the status of responsibilities of the Parties under this Consent Judgment. Each signatory represents that he, she or it is fully and legally authorized to enter into the terms and conditions of this Consent Judgment and to bind the Party on whose behalf he or she signs.

4. **Disclaimer.** Nothing in this Consent Judgment shall constitute, or be construed as, a finding, admission, or adjudication of liability on any issue of law or fact. In no event shall this Consent Judgment or any negotiations leading thereto be construed, deemed or asserted to be evidence of admission or a concession on the part of any Party to this Consent Judgment of any fault or liability of damages whatsoever. To the extent allowable by law, this Consent Judgment shall have no precedential value or effect and shall not be admissible in any other action or proceeding, except in any action or proceeding to enforce this Consent Judgment, any action or proceeding contemplated by the terms of this Consent Judgment, or any action or proceeding relating to any contemporaneous Agreement among the parties to this Consent Judgment.

5. **Payment.** In consideration of the dismissal of Plaintiff's claims against Defendant, and Plaintiff's waiver of its right to the payment of pre-judgment interest, within thirty days after the entry of this Consent Judgment, Defendant shall pay Plaintiff the sum of $347,131.75 (the "Settlement Amount"), by wire or ACH to an account designated by Plaintiff, in a one-time, lump-sum payment.

6. **Late Payment and Default.** In the event Defendant fails to pay any portion of the Settlement Amount in accordance with paragraph 5 of this Consent Judgment, Defendant shall be in default. Immediately upon default, Plaintiff shall be entitled to enter a money judgment against Defendant, without notice, in the amount of $347,131.75, less the sum of any payments made through and including the date of the default plus interest in accordance with effect from the Effective Date (as defined below), Plaintiff's reasonable attorneys' fees and costs in seeking said entry and collection of default judgment (the "Default Amount"). Defendant represents and warrants that, in the event of default, Defendant will not assert any rights, claims, cross-claims, counterclaims, causes of action, demands, damages, setoffs, discharges, or defenses with respect to Defendant's obligations hereunder, and will not otherwise contest the entry of the money judgment by Plaintiff for the Default Amount, except with respect to errors in calculation of payment or the reasonableness of Plaintiff's claimed attorneys' fees.

7. **Satisfaction of Judgment.** Upon payment of the full Settlement Amount, a Satisfaction of Judgment shall be filed by the Parties.

8. **General Releases.**

   (a) In exchange for the consideration provided in this Consent Judgment, Defendant stipulates and agrees that Defendant waives, irrevocably and unconditionally fully and forever releases, and discharges any and all claims against Plaintiff, Plaintiff's employees, officers, directors, agents, attorneys, successors and assigns from all actions, causes of actions, demands, suits, debts, sums of money, damages, judgments, executions, claims and demands whatsoever in law or equity which Defendant, Defendant's heirs, estates, agents, employees, attorneys,

successors and assigns ever had, now have or hereafter can, shall or may have for, or by reason of any matter whatsoever including but not limited to those concerning, relating to, or arising out of their business relationship, the claims or defenses raised in the Action or which could have been raised in the Action. Execution of this Agreement does not bar any claims that may arise after the Effective Date.

(b) In exchange for the consideration provided in this Consent Judgment, Plaintiff hereby stipulates and agrees that Plaintiff waives, irrevocably and unconditionally fully and forever releases, and discharges any and all claims against Defendant, Defendant's heirs, estates, agents, employees, attorneys, successors and assigns from all actions, causes of actions, demands, suits, debts, sums of money, damages, judgments, executions, claims and demands whatsoever in law or equity which Plaintiff, Plaintiff's successors and assigns ever had, now have or hereafter can, shall or may have for, or by reason of any matter whatsoever including but not limited to those concerning, relating to, or arising out of the Parties' commercial relationship, the claims or defenses raised in the action or which could have been raised in the Action. Execution of this Agreement does not bar any claims that may arise after the Effective Date.

(c) The foregoing releases do not apply to the enforcement of the terms of this Consent judgment and the Parties' respective obligations under this Consent Judgment.

9. Other Agreements.

(a) Each Party shall refrain from making any negative or disparaging statements or comments about any other Party, or its employees, officers or directors, to any person, entity, or organization statement or comment is designed or reasonably likely to damage the other Party or its employees, officers or directors, or say or do anything which could disparage, undermine or be reasonably interpreted to denigrate the capabilities, performance, integrity or reputation of the other Party or its employees, officers, or directors, whether publicly or privately. This paragraph shall not be construed to prevent any party from testifying truthfully, under oath, about any matter, if required to do so in any judicial or other legal proceeding, from cooperating with any government agency or as otherwise required by law.

10. Governing Law. This Consent Judgment shall be governed and interpreted in accordance with federal law, or to the extent applicable, in accordance with the laws of the State of New York.

11. Complete Agreement and Signing. This Consent Judgment contains the complete agreement among the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements understandings, negotiations, or discussions, oral or written, relating to the subject matter of this Consent Judgment. There are no warranties, representations, agreements, or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for in this Consent Judgment. This Consent Judgment may not be amended, modified, supplemented, or otherwise changed without the written consent of the Parties and approval of the Federal District Court. This Consent Judgment may be signed in counterparts, with PDF signatures being deemed as originals.

12. **Effective Date.** This Consent Judgment shall be effective upon the date that the Court enters this Consent Judgment (the "Effective Date").

| | |
|---|---|
| CAREMEX S.A. DE C.V. | JAYDEN STAR LLC |
| By: _____<br>Alejandro Alter, Managing Director | By: _____<br>Jason Mandelbaum, Manager |
| By: _____<br>Eric Lindquist<br>FOX HORAN & CAMERINI LLP<br>885 Third Avenue, Suite 17<br>New York, New York 10022<br>Tel.: (212) 480-4800<br>elindquist@foxlex.com<br>  Attorneys for the Plaintiff and Counterclaim Defendant | By: _____<br>Todd D. Kremin<br>AGULNICK KREMIN P.C.<br>510 Broadhollow Road, Suite 303<br>Melville, New York 11747<br>Tel. (718) 352-4800<br>tkremin@agulnickkremin.com<br>  Attorneys for the Defendant and Counterclaim Plaintiff |

**SO ORDERED.**

Dated: July 22, 2025
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge